Shackeleobd, J.,
delivered the opinion of the Court.
On the 26th of September, 1863, the defendant in error, brought an action of trespass against the plaintiffs in error. Process was issued ' to the Sheriff of *179 Knox County, who executed it on Milo McBee, on the 8th of October, 1863. A counterpart of the writ was issued to the Sheriff of Grainger, who executed it on James McBee, on the 10th of October, 1863.
The writs, as appears from this record, bear test of the 2d Monday of June, 1863, returnable to 2d Monday of October, 1863. At the October Term, 1864, upon application of the defendant in error, leave was granted him to amend the writs, so as to entitle the same of the 2d Monday of June, 1863, pmd to make the same returnable to the 2d Monday of October, 1863; and, as appears from this record, were returnable when the amendment was allowed; and to file his declaration, as of that term. The declaration was filed, as appears on record, at the October Term, 1863, and was marked “filed by the Olerk, the 14th of October, 1864.”
At the February Term, 1865, a judgment by default was taken, and a writ of inquiry awarded at the same term. At a subsequent day of the term, a jury was impanneled, who assessed the plaintiff’s damages at $5,000. No bill of exception was taken and filed in the cause. The record has been filed for error. The' errors assigned are not apparent in this record. The order of the Court, at the October Term, 1864, permitted the defendant to amend his summons, so as to entitle it of the 2d Monday of June, 1863, returnable to 2d Monday of October, 1863. The record does not show at what time the writ was originally made returnable. We cannot look to the interlineations and erasures made by the Clerk *180 in copying the record, which is filed for our adjudication. We consider the record as it is presented. We judicially know the Circuit Court was held, and is held, on the second Mondays of October, February and June; and, as this record is presented, there is no error. The Court, upon the service of process upon the plaintiffs in error, acquired jurisdiction of the person, and, by the Statute of amendment and jeofalis, was authorized to make formal or material amendments. The plaintiffs in error were bound to take notice of the times of holding the Court. It is insisted, by the plaintiff in error, the writ was returnable to the fourth Monday in October, 1863, at a time when the two term system had been adopted; consequently, it was at a time different from that at which it was made returnable by the order of the Court. There is nothing in this record that presents the facts assumed by the counsel. The amendments were made by the order of the Court; and the authority of the Court for changing the process, if it was changed, (which fact is not apparent from this record,) is clearly embraced by sections 2863 and 2867, of the Code. We cannot see, from this record, at what time the summons was made returnable, before the amendments were made. The interlinea-tions or erasures by the Clerk, in copying the record, is no evidence at what time the writs were returnable. In the case of Cornelias and Davis vs. Merrett, the Court say: “Unless a bill of exceptions be filed, how can we say that substantial errors exist?”
“It is incumbent upon him who asks the reversal *181 of a judgment, to show that it is wrong. If this is not done, we must, in favor of the action of the Circuit Court, presume that all things were regular and proper:” 2 Head, 98. Sections 2865, 2866, 2872, and 2873, are very broad, and embrace the provisions of the Act of 1852, chap. 152. Upon the construction of that Act, the Court say: “The objections which do not go to the merits, must be regarded as a matter of form, for which the Court cannot reverse. That the amendments which the Court is authorized to make, by the Statute of amendments and jeofails, need not, in fact, be made. The benefit of the Statute is obtained by the Court’s overlooking the exception, or considering the amendment as made:” 1 Sneed, 418. The declaration, as appears from this record, was filed at the October Term, 1864, and judgment by default, at the February Term, following, and writ of inquiry at a subsequent day of the term — a jury impanneled, and the damages regularly assessed. In this we can see no error., By section 4516 of the Code, no judgment of an inferior Court shall be reversed, except for errors that affect the merits of a judgment or decree complained of. The language of the Act is plain and unambiguous. We have no discretion. It is our duty, unless there are errors apparent in the record, to declare, that the judgment must be affirmed.
The principles of this case fall within the principles embraced by the decisions of this Court, in the several cases referred to, and are decisive of the questions involved.
The writ of error will be dismissed.